**W. R. WADE and Sherry E. Dorn Wade, Plaintiffs,**

v.

**GREAT AMERICAN INSURANCE COM-PANY, a corporation, Defendant.**

**Civ. No. 1362.**

United States District Court
D. Montana,
Helena Division.

June 23, 1966.

Risken & Scribner, Helena, Mont., for plaintiffs.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

### OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This is a diversity case brought here from the District Court of Lewis and Clark County.

The complaint in Count One alleges that defendant insured plaintiffs against the theft of personal property, that the

insured property was stolen, and that defendant, after notice and proof of loss, has refused to pay. The prayer is for the value of the stolen property.

In Count Two the allegations of Count One are repeated and an allegation to the effect that the defendant acted unreasonably, arbitrarily, maliciously, in bad faith and in wanton disregard of the plaintiffs' rights is added. The prayer of this count is for exemplary damages in the amount of $50,000.00.

In Count Three the allegations of the first cause of action are repeated, and there is added an allegation that the defendant's adjuster, in connection with the adjustment of the loss, maliciously accused the plaintiff, Shirley E. Dorn Wade, of lying, and both plaintiffs of perpetrating a fraud in connection with the loss. It is alleged that this caused plaintiffs mental anguish and distress. The prayer is for $10,000.00.

■ Defendant's motion to dismiss the first count is denied.

■ Defendant's motion to strike from the second count is granted. The action is in contract. Under Section 17–208, R.C.M.1947, as interpreted by the Supreme Court of Montana, willful or fraudulent breaches of contract do not justify the imposition of exemplary damages. Westfall v. Motors Ins. Corp., 140 Mont. 564, 374 P.2d 96 (1962).

■ Defendant's motion to dismiss the third count is denied. The problems raised by it—liability for hurt feelings caused by words alone—have not been decided in Montana. This court is reluctant to declare the Montana law in a developing area, and to the extent that it must declare it will do so as narrowly as possible. Under the allegation, "acted maliciously and was guilty of a wanton disregard of the rights and feelings of the plaintiffs", facts might be proved which would justify a recovery under some authority.[1] The court does not intimate what it deems the law of Montana to be and will reserve decision until the law may be applied to something more specific than broad conclusions of the complaint.

Defendant is granted twenty (20) days within which to further plead.

1. See Restatement, Second, Torts, sec. 312, and Wallace v. Shoreham Hotel, D.C. Mun.App., 49 A.2d 81, where the problem is treated.